## Thomson's Guardian, et al. v. Thomson, et al.

(Decided December 20, 1912.)

### Appeal from Fayette Circuit Court.

Land—Sale of Infants' Interests In—Guardian Ad Litem's Report—Mistake In—Immaterial Error.—Land in which six infants owned remainder interests, was sold under section 491, Civil Code and the proceeds reinvested. Three of the infants were over fourteen and three of them under fourteen years of age. A guardian ad litem was appointed for the three under fourteen years of age and he filed his report, but by oversight omitted their names and inserted the names of the three over fourteen. Afterwards, the same person was appointed guardian ad litem for the three children over fourteen years of age and he filed a report setting out their names. Held, That the sale was valid, as it appea- from the record that the insertion of the names of the older children in the first report was by mistake and an immaterial error.

E. L. HUTCHINSON for appellants.

FIELD McLEOD and WALLACE & HARRISS for appellee, Howard.

GEO. C. WEBB and SAMUEL M. WILSON for appellees, W. L. Thomson and wife.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

It appears that Ellis Thomson, the wife of her co-appellee, W. L. Thomson, owned a life estate in about seventy-eight acres of land near Lexington, in Fayette County, and that her six children owned the remainder interest. An action was instituted in 1905, under section 491 of the Civil Code, for the sale of the land and the reinvestment of the proceeds. The testimony showed that Mrs. Thomson had an affliction which made it necessary for her to remove to another climate and she had selected California; that real estate located in the vicinity where the seventy-eight acres were, had reached its highest market value; that the property if rented would decrease in value, and that if the land should be

sold the proceeds could be invested in land in the foreign State and the increase in value would be beneficial to all the children. Summonses were served on all the children over fourteen years of age by delivering a copy thereof to them, and was served upon Edith, Frederick C. and Lee Thomson, who were under fourteen years of age, by delivering a copy thereof to E. L. Hutchinson, who had been appointed guardian ad litem for them. Hutchinson filed a report on September 11, 1905, stating that he had carefully examined the papers in the case and the authorities, and, that he was unable to present any defense on behalf of the infants. He inserted in that report, however, the names of three of Mrs. Thomson's children for whom he had not been appointed guardian ad litem and omitted the names of those for whom he had been appointed. On September 12, 1905, Mrs. Thomson's husband made an affidavit for the appointment of a guardian ad litem for the infants who were over fourteen years of age, and on September 14, 1905, E. L. Hutchinson was appointed as such. On September 18, 1905, he filed his report as guardian ad litem for these children, but did not mention the names of the three infants for whom he was first appointed guardian ad litem. The land was sold for the purpose of reinvestment and appellee, C. A. Howard, purchased it for about $112 an acre. He filed many exceptions to the report of sale and moved the court to set it aside, but the court overruled the motion, confirmed the sale, a deed was made to the purchaser and it appears that he paid for the land and the proceeds were reinvested.

On October 12, 1912, E. L. Hutchinson, after giving notice, moved the court to set aside the order of sale, claiming that it was erroneous because the three infant children under fourteen years of age, for whom he was appointed guardian ad litem, had not been represented as required by law, as he, in making his report for the three infants under fourteen years of age, had inserted therein the names of three infants over fourteen years of age and omitted the names of three under fourteen years of age. The lower court overruled the motion and the guardian ad item has appealed.

We are of the opinion that the lower court did not err in the matter. It appears from a reading of the record, that the names of the three older children were inserted by mistake. At the time he filed this report, Hutchinson was not guardian ad litem for the three older

children, but was only such for the three under fourteen years of age. He was not appointed guardian ad litem for the three older children until September 14, 1905, and he filed his report for them on the 18th of that month. Further, the guardian ad litem testified on the hearing of the motion to the facts above stated and that the names of the three infants under fourteen years of age, were omitted and the names of the other three children inserted by oversight of himself or the stenographer who drafted his report. As stated, these facts are made to appear from the record itself, and we are of the opinion that the lower court did not err in overruling the motion and that Howard has a clear title to the land. This is the only question presented and decided upon this appeal.

For these reasons, the judgment of the lower court is affirmed.